IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03317-BNB

JAMES FAIRCLOTH,

        Plaintiff,

v.

STATE OF COLORADO, and
ALL KNOWN & UNKNOWN C.D.O.C. EMPLOYEES,

        Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

        Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado.

Mr. Faircloth has filed *pro se* a Prisoner Complaint (ECF No. 1) claiming that his rights

have been violated.  He seeks damages and unspecified equitable relief.

        The court must construe the Prisoner Complaint liberally because Mr. Faircloth is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Faircloth will be ordered to file an amended complaint if he wishes to pursue

his claims in this action.

        The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint is deficient.  For one thing, it is not clear exactly who Mr. Faircloth is suing.

The Defendants listed in the caption of the Prisoner Complaint are the State of Colorado

and "All Known & Unknown C.D.O.C. Employees."  Mr. Faircloth does include a list of

DOC employees under the heading "Parties" in the body of the Prisoner Complaint and

he alleges that the listed individuals "are relevant to the Claims herein this Action."

(ECF No. 1 at 3.)  However, if Mr. Faircloth intends to name any or all of these

individuals as Defendants in this action, he must list them in the caption.  Pursuant to

Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must

name all the parties."  Pursuant to Rule 10.1J. of the Local Rules of Practice of the

United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a

caption with one party per line.  The proper name of a party shall be in capital letters,

and any identifying text shall be in upper and lower case immediately following the

proper name."  Regardless of who Mr. Faircloth names as Defendants, he also must

provide a complete address for each named Defendant so that they may be served

properly.

The court also finds that the Prisoner Complaint does not comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin

purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp.

1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy

of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or

unintelligible pleadings violate Rule 8.

Mr. Faircloth fails to provide a short and plain statement of his claims showing

that he is entitled to relief for several reasons. Most importantly, he fails to identify

which Defendant or Defendants he is suing with respect to each asserted claim, he fails

to allege clearly and concisely what each Defendant did that allegedly violated his

rights, and he fails to identify the specific legal right allegedly violated with respect to

each claim. Furthermore, instead limiting his claims to a clear and concise statement of

the facts that support the claim, Mr. Faircloth includes unnecessary and inappropriate

legal argument and irrelevant factual allegations in support of his claims.

For these reasons, Mr. Faircloth will be ordered to file an amended complaint.

For each claim he asserts in the amended complaint, Mr. Faircloth "must explain what

each defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007). "It is sufficient, and indeed all that is permissible, if the complaint concisely

states facts upon which relief can be granted upon any legally sustainable basis." *New

Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Furthermore, the general rule that *pro se* pleadings must be construed liberally has

limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Faircloth must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Faircloth file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Faircloth shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Faircloth fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge