IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03317-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

WARDEN RAE TIMME, in her official and individual capacity,
GARY MORGAN, Mental Health Clinician/Designee, in his official and individual
    capacity,
BERNES, Chief Mental Health Clinician/Designee, in her official and individual capacity,
GARCIA, Mental Health Clinician/Designee, in her official and individual capacity,
JACQUELINE McCALL, Administrative Head/Designee, in her official and individual
    capacity,
CAPTAIN JOSEPH GIGANTI, in his official and individual capacity,
UNKNOWN GRAVEYARD DUTY OFFICER AT F.C.F., in his official and individual
    capacity,
UNKNOWN F.C.F. CELLHOUSE 5 CORRECTIONAL OFFICERS, in their official and
    individual capacity,
CORRECTIONAL OFFICER MARQUEZ, in his official and individual capacity,
UNKNOWN F.C.F. HEALTH SERVICES ADMINISTRATOR, in their official and
    individual capacity,
CASE MANAGER JURADO, in her official and individual capacity,
CASE MANAGER HOLCOMB, in his official and individual capacity,
DAVE TESSIER, C.T.C.F. Health Services Administrator, in his official and individual
    capacity,
MR. DeWOLFFE, Drug and Alcohol Programs Counselor/Coordinator, in his official and
    individual capacities,
JULIE RUSSELL, A.D.A./AIC Coordinator, in her official and individual capacity,
AMY COSNER, A.D.A./Facility Coordinator, in her official and individual capacity,
ANTHONY DeCESARO, Grievance Officer, in his official and individual capacity,
LT. TOM BENEZE, in his official and individual capacity,
MAJOR LANCE MICKLICH, in his official and individual capacity,
SGT. VIOLA, in his official and individual capacity, mailroom,
CORRECTIONAL OFFICER MILLER, in her official and individual capacity, and
LT. LINDA WORTHEN, in her official and individual capacity,

    Defendants.

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

## I. PROCEDURAL BACKGROUND

Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Faircloth initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On December 27, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Faircloth to file an amended complaint that includes the names of all Defendants in the caption and that includes a short and plain statement of his claims showing that he is entitled to relief as required pursuant to Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland specifically noted that Mr. Faircloth failed to identify who he was suing with respect to each asserted claim, failed to allege clearly and concisely what each Defendant did that allegedly violated his rights, and failed to identify the specific legal right allegedly violated with respect to each claim. Magistrate Judge Boland also advised Mr. Faircloth that, for each claim he asserts, he must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

On January 2, 2013, Mr. Faircloth filed an amended Prisoner Complaint (ECF No. 10) that he signed on December 25, 2012, and which apparently crossed in the mail with Magistrate Judge Boland's December 27 order. On January 30, 2013, Mr. Faircloth filed a motion for an extension of time (ECF No. 13) to file an amended

complaint that complies with Magistrate Judge Boland's December 27 order.  On March 5, 2013, Mr. Faircloth filed a second amended Prisoner Complaint (ECF No. 16) and on March 7, 2013, he filed a revised version of the second amended Prisoner Complaint (ECF No. 20).  The Court will address Mr. Faircloth's claims as they are set forth in the revised second amended Prisoner Complaint (ECF No. 20).

## II.  LEGAL STANDARDS

The Court must construe the revised second amended Prisoner Complaint liberally because Mr. Faircloth is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the revised second amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Faircloth's claims in the revised second amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the revised second amended Prisoner Complaint, or any portion of the revised second amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated

below, the Court will dismiss the revised second amended Prisoner Complaint in part as legally frivolous.

## III.  FACTUAL BACKGROUND

Mr. Faircloth asserts three distinct series of claims in this action.  He first asserts a series of claims based on his cell placement on January 3, 2011, at the Fremont Correctional Facility.  According to Mr. Faircloth, he was placed in cell 5A-14, which had a television cable approximately six to eight feet long hanging from the wall, even though he was on a suicide/mental health watch at the time.  Mr. Faircloth alleges that he attempted suicide a second time that night.  He further alleges that on February 29, 2012, he discovered he had been placed in cell 5A-14 on January 3, 2011, to finish the job of killing himself.  (*See* ECF No. 20 at 14.)

Mr. Faircloth next asserts a series of claims that relate to medical treatment for Hepatitis C, although the specific claims he is asserting concerning Hepatitis C are not clear.  Mr. Faircloth alleges that he signed a Hepatitis C treatment contract in 2009 and that he was told to sign another Hepatitis C treatment contract in 2011.  He further alleges that he was placed on the "T.C. Program/Therapeutic Community Program" in June 2009 and that in May or June 2012 he was informed in response to a grievance "that medical treatment is not an accommodation."  (ECF No. 20 at 15.)

Mr. Faircloth finally asserts a series of claims that relate to seizure of a document and mail.  According to Mr. Faircloth, "a copy of this Petitioner's Trust Document #2010-155-1173-8" was seized on September 1, 2011, and led to his being labeled as a member of a security threat group.  Mr. Faircloth also alleges that mail to and from American Bulletin Newsletter was seized on two occasions in December 2011.

IV. ANALYSIS

Mr. Faircloth asserts a total of thirty-four claims for relief against twenty-two defendants.

**A. Placement in Cell 5A-14**

The first twenty-two claims in the revised second amended Prisoner Complaint relate to Mr. Faircloth's placement in cell 5A-14 on January 3, 2011, and his attempted suicide that night.

Claim One

Mr. Faircloth first claims that Defendant Rae Timme, the Fremont Correctional Facility warden, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim one at this time.

Claim Two

Mr. Faircloth contends in claim two that Defendant Timme "failed to investigate complaint of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendment." (ECF No. 20 at 19.) Although not entirely clear, Mr. Faircloth apparently alleges in support of this claim that his constitutional rights were violated because of a failure to comply with a DOC administrative regulation. If so, the claim lacks merit and will be dismissed as legally frivolous because "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993). If the Court has misunderstood claim

two, the claim still must be dismissed as legally frivolous because Mr. Faircloth fails to allege specific facts that demonstrate his constitutional rights have been violated in any way. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Claim Three

Mr. Faircloth alleges in claim three that Defendant Gary Morgan, a mental health clinician, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim three at this time.

Claim Four

Mr. Faircloth alleges in claim four that Defendant Morgan "failed to investigate complaint of denial of due process and equal protection pursuant to the 14th amendment and deliberate indifference upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments 8 and 14." (ECF No. 20 at 20.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Five

Mr. Faircloth alleges in claim five that Defendant Bernes, a mental health clinician, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim five at this time.

Claim Six

Mr. Faircloth alleges in claim six that Defendant Bernes "failed to investigate complaint of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 21.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Seven

Mr. Faircloth alleges in claim seven that Defendant Garcia, a mental health clinician, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim seven at this time.

Claim Eight

Mr. Faircloth alleges in claim eight that Defendant Garcia "failed to investigate complaint of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the

7

Constitutional amendments guiding ACA standards." (ECF No. 20 at 22.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

### Claim Nine

Mr. Faircloth alleges in claim nine that Defendant Jacqueline McCall, an administrative head, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim nine at this time.

### Claim Ten

Mr. Faircloth alleges in claim ten that Defendant McCall "failed to investigate complaint of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 23.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

### Claim Eleven

Mr. Faircloth alleges in claim eleven that Defendant Joseph Giganti, a shift commander, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim eleven at this time.

### Claim Twelve

Mr. Faircloth alleges in claim twelve that Defendant Giganti "failed to investigate

complaint of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 24-25.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Thirteen

Mr. Faircloth alleges in claim thirteen that Defendant Unknown Graveyard Duty Officer subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim thirteen at this time.

Claim Fourteen

Mr. Faircloth alleges in claim fourteen that Defendant Unknown Graveyard Duty Officer "failed to investigate complaint of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 26.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Fifteen

Mr. Faircloth alleges in claim fifteen that Defendant Unknown Cellhouse 5 Correctional Officers subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court

will not address the merits of claim fifteen at this time.

Claim Sixteen

Mr. Faircloth alleges in claim sixteen that Defendant Unknown Cellhouse 5 Correctional Officers failed to investigate his complaint "of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 27.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Seventeen

Mr. Faircloth alleges in claim seventeen that Defendant Marquez, a correctional officer, subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim seventeen at this time.

Claim Eighteen

Mr. Faircloth alleges in claim eighteen that Defendant Marquez failed to investigate his complaint "of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 28.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Nineteen

Mr. Faircloth alleges in claim nineteen that Defendant Unknown F.C.F. Health Services Administrator subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in cell 5A-14 on January 3, 2011. The Court will not address the merits of claim nineteen at this time.

Claim Twenty

Mr. Faircloth alleges in claim twenty that Defendant Unknown F.C.F. Health Services Administrator failed to investigate his complaint "of denial of due process and equal protection pursuant to the 14th amendment upon officials' duty to State and Federal laws and Constitution(s) and oath(s) of office/fidelity bond to the same set forth in Administrative Regulations governed by the Constitutional amendments." (ECF No. 20 at 30.) This claim will be dismissed as legally frivolous for the same reasons discussed above in the context of claim two, Mr. Faircloth's nearly identical claim against Defendant Timme.

Claim Twenty-One

Mr. Faircloth alleges in claim twenty-one that Defendant Jurado, a case manager, violated his First Amendment rights and his rights to due process and equal protection on January 17, 2011, by failing to process a grievance Mr. Faircloth alleges he filed regarding his placement in cell 5A-14. This claim lacks merit and will be dismissed as legally frivolous because Mr. Faircloth does not have a constitutional right to file an administrative grievance. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v.*

*Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure).

Claim Twenty-Two

Mr. Faircloth alleges in claim twenty-two that Defendant Holcomb, a case manager, violated his First Amendment rights, along with his rights to due process and equal protection, in June 2011 by failing to process a set of grievances Mr. Faircloth alleges he filed regarding his placement in cell 5A-14. This claim lacks also merit and will be dismissed as legally frivolous because Mr. Faircloth does not have a constitutional right to file an administrative grievance. *See id.*

**B. Hepatitis-C Treatment**

Mr. Faircloth next asserts five claims for relief that relate to medical treatment for Hepatitis C.

Claim Twenty-Three

Mr. Faircloth alleges in claim twenty-three that Defendant Dave Tessier, a health services administrator at the Colorado Territorial Correctional Facility (CTCF), subjected him to cruel and unusual punishment and denied him due process "through deliberate indifference/denial [of] Hepatitis C treatment." (ECF No. 20 at 33.) Mr. Faircloth alleges in support of this claim that "[t]he H.S.A. was put on notice that the petitioner's Hepatitis C treatment contract and scheduling was improperly denied by himself and C.D.O.C. headquarters oversight board for clinical services of C.D.O.C." (*Id.*) Mr. Faircloth apparently believes that he improperly was denied treatment for Hepatitis C because a federal regulation, 28 C.F.R. § 35.131(b)(1), provides that "[a] public entity shall not deny health services, or services provided in connection with drug rehabilitation, to an

individual on the basis of that individual's current illegal use of drugs, if the individual is otherwise entitled to such services."

Claim twenty-three lacks merit because Mr. Faircloth fails to provide specific factual allegations that set forth exactly what Defendant Tessier did that violated his rights or even when the alleged constitutional violations occurred. As noted above, vague and conclusory allegations that his constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. See *Ketchum*, 775 F. Supp. at 1403. Furthermore, Mr. Faircloth specifically was advised that, for each claim he asserts in this action, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. In the absence of specific facts to support the asserted constitutional violations, claim twenty-three is legally frivolous and must be dismissed.

Claim Twenty-Four

Mr. Faircloth alleges in claim twenty-four that Defendant DeWolffe, a drug and alcohol programs counselor at CTCF, subjected him to cruel and unusual punishment and denied him due process "through deliberate indifference/denial [of] drug & alcohol treatment and refusal to process T.C. program referral." (ECF No. 20 at 34.) Mr. Faircloth alleges in support of this claim that Defendant DeWolffe "was put on notice that the petitioner's Hepatitis C treatment contract and scheduling was improperly denied by H.S.A. and C.D.O.C. headquarters oversight board for clinical services of C.D.O.C." (*Id.*) Furthermore, "Mr. Wolffe [sic] was aware that he could have offered a

participation in his class in order for this petitioner to receive some type of drug and alcohol therapy while awaiting placement into T.C. program and either re-assessment for therapy level codes and/or immediate placement into T.C. program." (*Id.*)

Claim twenty-four also will be dismissed as legally frivolous because Mr. Faircloth fails to provide specific factual allegations that set forth exactly what Defendant DeWolffe did that violated his rights or even when the alleged constitutional violations occurred.

Claim Twenty-Five

Mr. Faircloth alleges in claim twenty-five that Defendant Julie Russell, the DOC ADA/AIC coordinator, subjected him to cruel and unusual punishment and denied him due process "through deliberate indifference/denial of Hepatitis C treatment." (ECF No. 20 at 35.) Mr. Faircloth alleges in support of this claim that Defendant Russell "was put on notice that the petitioner's Hepatitis C treatment contract and scheduling was improperly denied by the H.S.A. and C.D.O.C. headquarters oversight board for clinical services of C.D.O.C." (*Id.*) Mr. Faircloth also alleges that Defendant Russell stated in a grievance response in May or June 2012 "that medical treatment is not an accommodation." (ECF No. 20 at 15.)

Claim twenty-five also will be dismissed as legally frivolous because Mr. Faircloth fails to provide specific factual allegations that set forth exactly what Defendant Russell did that violated his rights. To the extent Mr. Faircloth is contending that Defendant Russell violated his constitutional rights by denying an administrative grievance, the claim lacks merit because Mr. Faircloth does not have a constitutional right to file an administrative grievance. *See Bingham*, 654 F.3d at 1177; *see also Boyd*, 443 F. App'x

at 331.

Claim Twenty-Six

Mr. Faircloth alleges in claim twenty-six that Defendant Amy Cosner, the DOC ADA coordinator at the Colorado Territorial Correctional Facility, subjected him to cruel and unusual punishment and denied him due process "through deliberate indifference/denial of Hepatitis C treatment." (ECF No. 20 at 35.) Mr. Faircloth alleges in support of this claim that Defendant Cosner "was put on notice that the petitioner's Hepatitis C treatment contract and scheduling was improperly denied by the H.S.A. and C.D.O.C. headquarters oversight board for clinical services of C.D.O.C., and drug therapy placement for drug addiction disability re-assessment/screening by Mr. DeWolffe." (*Id.*) Mr. Faircloth also alleges that Defendant Cosner stated in a grievance response in May or June 2012 "that medical treatment is not an accommodation." (ECF No. 20 at 15.)

Claim twenty-six also will be dismissed as legally frivolous because Mr. Faircloth fails to provide specific factual allegations that set forth exactly what Defendant Cosner did that violated his rights. To the extent Mr. Faircloth is contending that Defendant Cosner violated his constitutional rights by denying an administrative grievance, the claim lacks merit because Mr. Faircloth does not have a constitutional right to file an administrative grievance. *See Bingham*, 654 F.3d at 1177; *see also Boyd*, 443 F. App'x at 331.

Claim Twenty-Seven

Mr. Faircloth alleges in claim twenty-seven that Defendant Anthony DeCesaro, the DOC grievance officer, subjected him to cruel and unusual punishment and denied

him due process "through deliberate indifference/denial of Hepatitis C treatment." (ECF No. 20 at 35.) Mr. Faircloth alleges in support of this claim that Defendant DeCesaro "was put on notice that the petitioner's Hepatitis C treatment contract and scheduling was improperly denied by the H.S.A. and C.D.O.C. headquarters oversight board for clinical services of C.D.O.C., and drug therapy placement for drug addiction disability re-assessment/screening by Mr. DeWolffe." (*Id.*) It appears that Defendant DeCesaro's sole involvement in Mr. Faircloth's Hepatitis C treatment arises out of Mr. DeCesaro's denial of one or more administrative grievances.

Claim twenty-seven will be dismissed as legally frivolous because Mr. Faircloth does not have a constitutional right to file an administrative grievance. *See Bingham*, 654 F.3d at 1177; *see also Boyd*, 443 F. App'x at 331.

### C. Seizure of Documents and Mail

Mr. Faircloth finally asserts seven claims relevant to the alleged seizure of a document and mail in September 2011 and December 2011.

Claim Twenty-Eight

Mr. Faircloth alleges in claim twenty-eight that Defendant Tom Beneze, an intelligence officer/gang coordinator at CTCF, violated his First Amendment rights by confiscating or approving the "confiscation of mail to and from a press publisher under false/fictitious pretenses. The Court will not address the merits of claim twenty-eight at this time.

Claim Twenty-Nine

Mr. Faircloth alleges in claim twenty-nine that Defendant Beneze violated his constitutional rights by approving the seizure of a trust document and identifying Mr.

Faircloth as a member of a security threat group. The Court will not address the merits of claim twenty-nine at this time.

Claim Thirty

Mr. Faircloth alleges in claim thirty that Defendant Beneze violated his rights to substantive and procedural due process by identifying Mr. Faircloth as a member of a security threat group. The Court will not address the merits of claim thirty at this time.

Claim Thirty-One

Mr. Faircloth alleges in claim thirty-one that Defendant Lance Micklich, a reading committee supervisor at CTCF, violated his rights when he "failed to correct any of the mailroom clerks/correctional officers and/or Lt. Tom Beneze concerning their seizing mail to the ARBTO, Inc./American Bulletin Newsletter, and he joined in the conspiracy to continue to deny this petitioner's 1st, 4th, 5th, 6th, 9th, 10th and 14th amendment unalienable rights." (ECF No. 20 at 41.)

Claim thirty-one lacks merit because Mr. Faircloth fails to provide specific factual allegations that set forth exactly what Defendant Micklich did that violated his rights under each of these various constitutional amendments. As noted above, vague and conclusory allegations that his constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum*, 775 F. Supp. at 1403. Furthermore, Mr. Faircloth specifically was advised that, for each claim he asserts in this action, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. In the absence of specific facts to support the

17

asserted constitutional violations, claim thirty-one is legally frivolous and must be dismissed.

Claim Thirty-Two

Mr. Faircloth alleges in claim thirty-two that Defendant Viola, a mailroom sergeant at CTCF, violated his rights under the First and Fourteenth Amendments when "he failed to follow procedure for confiscation of reading and/or legal material." (ECF No. 20 at 41.  Mr. Faircloth further alleges that Defendant Viola "has failed to correct the illegal seizure of letters seized on December 6th and 8th, 2011[,] and also caused to be lost, a letter to Colorado Prison law project and would not justify or give proof of his sending mail back to the prison law project." (*Id.*)  The Court will not address the merits of claim thirty-two at this time.

Claim Thirty-Three

Mr. Faircloth alleges in claim thirty-three that Defendant Miller, a mailroom clerk at CTCF, violated his constitutional rights when "she failed to follow procedure for confiscation of reading and/or legal material." (ECF No. 20 at 41.)  The Court will not address the merits of claim thirty-three at this time.

Claim Thirty-Four

Mr. Faircloth alleges in claim thirty-four that Defendant Linda Worthen, a lieutenant at CTCF, violated his constitutional rights when she illegally seized "a copy of this Petitioner's Trust Document #2010-155-1173-8" on September 1, 2011, which led to his being labeled as a member of a security threat group.  The Court will not address the merits of claim thirty-four at this time.

V.  CONCLUSION

For the reasons discussed in this order, the Court will dismiss as legally frivolous claims two, four, six, eight, ten, twelve, fourteen, sixteen, eighteen, twenty through twenty-seven, and thirty-one. Furthermore, because all of the claims against them have been dismissed, the Court will dismiss as parties to this action the following Defendants: Case Manger Jurado, Case Manager Holcomb, Dave Tessier, Mr. DeWolffe, Julie Russell, Amy Cosner, Anthony DeCesaro, and Major Lance Micklich. Mr. Faircloth's remaining claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Pursuant to D.C.COLO.LCivR 40.1C.1., the case will be assigned to Judge Robert E. Blackburn and to Magistrate Judge Kristen L. Mix. Accordingly, it is

ORDERED that claims two, four, six, eight, ten, twelve, fourteen, sixteen, eighteen, twenty through twenty-seven, and thirty-one in the revised second amended Prisoner Complaint (ECF No. 20) are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendants Case Manger Jurado, Case Manager Holcomb, Dave Tessier, Mr. DeWolffe, Julie Russell, Amy Cosner, Anthony DeCesaro, and Major Lance Micklich are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be assigned to Judge Robert E. Blackburn pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kristen L. Mix.

DATED at Denver, Colorado, this 27th day of March, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court