IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

RAE TIMME, Warden, in her official and individual capacities,
GARY MORGAN, Mental Health Clinician/Designee, in his official and individual capacities,
BERNES, Chief Mental Health Clinician/Designee, in her official and individual capacities,
GARCIA, Mental Health Clinician/Designee, in her official and individual capacities,
JACQUELINE MCCALL, Administrative Head/Designee, in her official and individual capacities,
JOSEPH GIGANTI, Capitain, in his official and individual capacities,
UNKNOWN GRAVEYARD DUTY OFFICER AT F.C.F, in his official and individual capacities,
UNKNOWN F.C.F. CELLHOUSE 5 CORRECTIONAL OFFICERS, in their official and individual capacities,
MARQUEZ, Correctional Officer, in his official and individual capacities,
UNKNOWN F.C.F. HEALTH SERVICES ADMINISTRATOR, in their official and individual capacities,
TOM BENEZE, Lt., in his official and individual capacities,
VIOLA, Sgt., in his official and individual capacities,
MILLER, Mailroom Correctional Officer, in her official and individual capacities, and
LINDA WORTHEN, Lt., in her official and individual capacities,

    Defendants.

---

## MINUTE ORDER

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

    This matter is before the Court on Plaintiff's **Petition For Court Order to Compel Colorado Dept. of Corrections Legal Services Dept. and Crowley Correctional Facility to Not Impede Access to Colorado Court Rule Compliance Mandates** [#26][1] (the

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I

1

"Motion"). The relief requested in the Motion is unclear, but Plaintiff appears to request that the Court either (a) order the Colorado Department of Correction (the "CDOC") to allow him to make photocopies in excess of a dollar limit he alleges is set by the CODC's administrative regulations or (b) order the CDOC to allow Plaintiff to print or make photocopies of documents in such a way so that Plaintiff has three total copies—one for him, one for the Court, and one to serve on Defendants. Plaintiff purports to attach an exhibit which he states is a "notice from the C.D.O.C. legal services dept." *Motion* [#26] at 1, 2. However, no exhibit was filed with the Motion. Further, based on the limited statements in the Motion, the Court finds that Plaintiff does provide any basis for either form of relief. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#26] is **DENIED without prejudice**. If Plaintiff believes his access to the Court is impeded, he must file a written motion explaining his situation. Further, Plaintiff should keep in mind that as the Court informed him in his other pending action:

> Plaintiff is not entitled to free aid from Defendants. First, "[o]ther than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters." *Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995). Plaintiff's present lawsuit does not involve either a habeas corpus proceeding or a civil rights action regarding current confinement. *See Am. Compl.* [#85].
>
> ...
>
> As the Court noted, prisons may create reasonable regulations that "are necessary to balance the legitimate interests of inmate litigants with budgetary considerations and to prevent abuse." *Id.* (quoting *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980)). The Court further noted that "an incarcerated plaintiff must also live within his budgetary constraints." *Order* [#91] (citing *Shabazz v. Parsons*, 127 F.3d 1246, 1248-29 (10th Cir. 1997)).

*Faircloth v. Schwartz*, No. 12-cv-02764-REB-KLM, 2013 WL 5201598, at *1-2 (D. Colo. Sept. 16, 2013).

Dated: February 14, 2014

---

use this convention throughout this Minute Order.