IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

      Plaintiff,

v.

RAE TIMME, Warden, in her official and individual capacities,
GARY MORGAN, Mental Health Clinician/Designee, in his official and individual capacities,
BERNES, Chief Mental Health Clinician/Designee, in her official and individual capacities,
GARCIA, Mental Health Clinician/Designee, in her official and individual capacities,
JACQUELINE MCCALL, Administrative Head/Designee, in her official and individual capacities,
JOSEPH GIGANTI, Capitain, in his official and individual capacities,
UNKNOWN GRAVEYARD DUTY OFFICER AT F.C.F, in his official and individual capacities,
UNKNOWN F.C.F. CELLHOUSE 5 CORRECTIONAL OFFICERS, in their official and individual capacities,
MARQUEZ, Correctional Officer, in his official and individual capacities,
UNKNOWN F.C.F. HEALTH SERVICES ADMINISTRATOR, in their official and individual capacities,
TOM BENEZE, Lt., in his official and individual capacities,
VIOLA, Sgt., in his official and individual capacities,
MILLER, Mailroom Correctional Officer, in her official and individual capacities, and
LINDA WORTHEN, Lt., in her official and individual capacities,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court on Plaintiff's **Petition For Leave to File Amended Complaint** [#60][1] (the "Motion") pursuant to Fed. R. Civ. P. 15(a)(2). On January 31, 2014,

---

[1] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I

Defendants filed a Response to the Motion (the "Response") arguing that the proposed amendment to the Second Amended Complaint should be denied on the basis of undue delay, futility, and undue prejudice. *See Response* [#63] at 3. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C, the Motion is referred to this Court for a recommendation regarding disposition [#61]. The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#60] be **DENIED**.[2]

## I. Background

Plaintiff is an inmate at the Fremont Correctional Facility ("FCF"). On March 7, 2013, Plaintiff, who proceeds in this matter pro se,[3] filed the Second Amended Complaint [#20] in which he asserted claims regarding violations of the rights guaranteed to him by the First, Fourth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Plaintiff asserts a total of sixteen claims against fourteen Defendants in their individual and official

---

use this convention throughout this Order.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462–63 (10th Cir. 1988). Whether motions for leave to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06–02525–WYD–MEH, 2009 WL 82496, at *1 (D. Colo. Jan 13, 2009) (citing cases). When an order denying a motion for leave to amend removes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court will assume that the issues involved are dispositive and require a recommendation.

[3] The Court is mindful that it must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern all other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

capacities and seeks nominal and punitive damages.[4]  *See generally Second Am. Compl.* [#20].

The first ten claims in the Second Amended Complaint relate to Plaintiff's placement in cell 5A-14 on January 3, 2011, and his attempted suicide that night.  Plaintiff claims that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was placed in a cell with a TV cable dangling from the wall despite his suicidal mental health status.  *Second Am. Compl.* [#20] at 19-30.

Plaintiff also asserts six claims related to the alleged seizure of a document and mail in September 2011 and December 2011.  He alleges that Defendants violated his First Amendment rights by confiscating his nonlegal and legal mail and seizing his "Trust Document." *Id.* at 39-41.  He additionally alleges that Defendants violated his Fourteenth Amendment rights by labeling him as a member of a security threat group without proper due process.  *Id.* at 39-42.

Plaintiff's Motion asks the Court to accept his proposed Third Amended Complaint for filing.  *Motion* [#60] at 1-2.  In his proposed Third Amended Complaint, Plaintiff first amends Defendant Garcia's name, changing it to "Ms. Graham." *Third Am. Compl.* [#60-1] at 1.  Additionally, Plaintiff replaces Defendants "Unknown F.C.F Cellhouse 5 Correctional Officers" with three different correctional officer groups labeled "All Unknown FCF Cellhouse 5 Officers Swingshift," "All Unknown FCF Cellhouse 5 Officers Graveyard Shift,"

---

[4] Plaintiff originally asserted thirty-four claims against twenty-two defendants. Judge Lewis T. Babcock dismissed eighteen claims and eight defendants. *See generally Order to Dismiss in Part and to Assign Case* [#23].  Additionally, Defendants Garcia, Unknown Graveyard Duty Officer at FCF, Unknown FCF Cellhouse 5 Correctional Officers, and Unknown FCF Health Services Administrator have not been served with summonses and the Second Amended Complaint in this action, and therefore, are not currently proper parties.  *See Order to Show Cause* [#43] at *1-2.

and "All Unknown FCF Cellhouse 5 Officers Day Shift." *Id.* Further, he adds Correctional Officer Champion as a Defendant. *Id.* at 4.

With respect to Plaintiff's factual allegations, he alleges two new sets of facts. First, Plaintiff alleges that Defendant Rae Timme refused Plaintiff's requests to be seen by medical specialists for his "ischemic attacks" and "syncope syndrome." *Id.* at 25. Second, Plaintiff alleges that he is denied the level of medical care and special services that other inmates receive. *Id.* at 25-26. He alleges that he is chained to tables, kept in a cell 24 hours per day, refused medication, and denied access to the "Inspector General" for purposes of reporting sexual harassment by a staff member. *Id.*

Finally, Plaintiff includes new requests for relief. *Id.* at 32. He requests $3,000,000.00 from Defendants for placing Plaintiff in a cell with "death dealing instruments," $1,500,000.00 in punitive damages, $100,000.00 for battery, no less than $85,000.00 in compensatory damages, $50,000.00 for abuse of process, and $25,000.00 in "further punitive damages" for the "wilful and wanton deprivation" of his constitutional rights. *Id.* at 32-33. Because a new complaint renders the old complaint inoperative, the Court interprets Plaintiff's requests for relief to replace his nominal and punitive damages requests in the Second Amended Complaint. *See generally Second Am. Compl.* [#20]. As mentioned above, Defendants argue that the proposed amendment to the Second Amended Complaint should be denied on the basis of undue delay, futility, and undue prejudice. *See Response* [#63] at 3.

## II. Analysis

The Court should grant leave to amend "freely . . . when justice so requires." Fed.

R. Civ. P. 15(a)(2).  In situations where the request falls outside of the pleading amendment deadline and good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although Defendants assert that the Motion should be denied on the grounds of untimeliness, undue prejudice and futility, the Court finds that the proposed amendments would be futile, and denies the Motion on that basis.

Specifically, Defendants argue that Plaintiff's proposed amendment is "for all intents and purposes no different than [the] complaint currently pending before the Court, with the exception that [Plaintiff] seeks to add additional 'all' unidentified parties." *Response* [#63] at 4.  Defendants further argue that Plaintiff's attempts to assert claims against new unidentified defendants fail to identify "any specific acts [committed] by these unidentified individuals." *Id.*

The court may deny leave to amend where amendment would be futile.  *Myers*, 2013 WL 3381276, at *6.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–1110 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (citations omitted)).  In other words, an amendment is futile if it would not survive a motion to dismiss.  *See Bradley v. J.E. Val–Mejias, M.D.*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist.*, 175 F.3d at 859).  "In

5

ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Myers*, 2013 WL 4481276, at *6 (citations omitted).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

As indicated above, Plaintiff makes two new allegations of fact in his Third Amended Complaint.  First, Plaintiff alleges that between May and August 2012, Defendant Rae Timme refused Plaintiff's requests to be seen by medical specialists for his "ischemic attacks" and "syncope syndrome."[5] *Third Am. Compl.* [#60-1] at 25.  Plaintiff alleges that he asked Defendant Timme if he could speak with Dr. Steele and she responded, "Why would I help you when you've made it quite clear to Ms. Steele that you plan to sue me and CDOC!" *Id.*  Although not entirely clear, the Court infers that Plaintiff intends these allegations to support an Eighth Amendment claim and/or a retaliation claim pursuant to 42 U.S.C. § 1983.

As explained below, these facts do not adequately support an Eighth Amendment claim.  Because "[a]n inmate must rely on prison authorities to treat his medical needs,"

---

[5]   An ischemic attack is a minor stroke and syncope syndrome causes dehydration and fainting.  *See* WEBMD, *Transient Ischemic Attack (TIA) - Topic Overview* (Sept. 19, 2011), http://www.webmd.com/stroke/tc/transient-ischemic-attack-tia-topic-overview (describing a transient ischemic attack as "a mini-stroke, because the symptoms are like those of a stroke, but don't last long. A TIA happens when blood flow to part of the brain is blocked or reduced, often by a blood clot."); Mayo Clinic Staff, *Vasovagal syncope*, MAYO CLINIC (Feb. 19, 2013), http://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/basics/definition/con-20026900 ("Vasovagal syncope . . . is one of the most common causes of fainting. Vasovagal syncope occurs when your body overreacts to certain triggers, such as the sight of blood or extreme emotional distress.").

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104. (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To sufficiently allege "deliberate indifference," a prisoner must allege that (1) he was deprived of a medical need that is objectively, "sufficiently serious," and (2) the defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Here, Plaintiff alleges that Defendant Timme refused his request to be seen by a doctor. *Third Am. Compl.* [#60-1] at 25. This is insufficient. Plaintiff fails to allege facts that would enable the Court to determine whether Defendant Timme knew that Plaintiff's alleged conditions created "excessive risks" to his health or safety. For example, Plaintiff alleges that Defendant Timme would not "agree to [his] requests to be seen by specialists for [his] ischemic attacks [and] syncope syndrome." *Id.* However, Plaintiff does not allege that Defendant Timme saw Plaintiff having an ischemic attack or any other health problem, that his medical records demonstrate his alleged medical issues and that Defendant Timme was aware of them, or that Defendant Timme has specialized medical training so that she should have understood that he has serious medical conditions that needed to be addressed. Plaintiff merely alleges that he asked Defendant Timme to visit the doctor because of his medical issues. *Id.* at 25. Because Plaintiff never alleges specifically what Defendant Timme knew about Plaintiff's medical condition, the Court cannot assume that she, subjectively, knew of and disregarded an "excessive risk" to Plaintiff's health or safety. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1274-1275 (D. Colo. 2009) (holding that the plaintiff did not allege that the defendant knew of and disregarded an excessive risk to his

7

health and safety where he alleged "only vague, unspecified maladies that [the d]efendant [] allegedly ignored [and did] not elaborate on his purported medical ailments.").  Therefore, Plaintiff's failure to allege that Defendant Timme knew of the excessively risky nature of his alleged medical conditions leads the Court to conclude that his first set of factual allegations is insufficient.  *See Farmer*, 511 U.S. at 837 (holding that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety"); *Sawyer v. Jeffries*, 315 F.App'x 31, 34 (10th Cir. 2008) (holding that the plaintiff insufficiently alleged an Eighth Amendment violation where he failed to allege that jail administrators knew of and disregarded an excessive risk to his health and safety).

Further, as explained below, these facts also do not adequately support a retaliation claim under 42 U.S.C. § 1983.  To maintain that claim, a plaintiff must demonstrate: (1) the plaintiff was engaged in constitutionally protected activity; (2) the defendants' actions caused the plaintiff to suffer an injury sufficient to chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendants' adverse action was substantially based on the plaintiff's exercise of a constitutionally protected right.  *See Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 847 (10th Cir. 2005).  Assuming, arguendo, that the constitutionally protected activity at issue is the right to access the courts,[6] Plaintiff's proposed Third Amended Complaint contains no allegations that he suffered an injury sufficient to chill him from engaging in that activity.  To the contrary, the filing of the

---

[6] *Miskovsky v. Jones*, 437 F.App'x 707, 713 (10th Cir. 2011); *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

Motion is evidence that he has not been "chilled."

Plaintiff's second set of factual allegations states that he is denied the level of medical care and special services that other inmates receive, specifically alleging that he is chained to tables, kept in a cell 24 hours per day, denied medication, and denied access to the "Inspector General" for purposes of reporting "sexual harassment by [a] staff member." *Third Am. Compl.* [#60-1] at 25-26.  Although not entirely clear, the Court infers that Plaintiff intends these allegations to support an Eighth Amendment and/or a Fourteenth Amendment equal protection claim.

This set of factual allegations is also insufficient.  First, Plaintiff fails to identify any particular Defendants who committed the alleged acts against him.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("Sufficient allegations of personal participation require that the complaint make clear exactly who is alleged to have done what to whom.").   For example, Plaintiff never identifies the person or persons who allegedly chained him to tables, kept him in a cell for 24 hours per day, or denied him medication.  *Third Am. Compl.* [#60-1] at 26.   Second, with respect to the sexual harassment allegation, Plaintiff not only fails to allege any names of particular Defendants who committed alleged acts against him, but also fails to allege that the denial of access to the "Inspector General" or sexual harassment by a staff member deprived him of any medical need.  It goes without saying that he has also failed to allege that any purported medical need related to the sexual harassment was "objectively, sufficiently serious," so as to demonstrate deprivation of the type proscribed by the Eighth Amendment.  *See Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901, at *2 (10th Cir. Oct. 16, 2000) (holding that the plaintiff failed to allege an "objectively, sufficiently serious" medical need

despite specifically alleging that the defendant suggestively touched him and exposed her breasts because this did not rise to the level of wanton infliction of pain proscribed by the Eighth Amendment); *see also Boddie v. Schnieder*, 105 F.3d 857, 860-862 (2d Cir. 1997) (holding that the plaintiff's allegations of a small number of incidents in which he was verbally harassed and touched without his consent were not "severe enough to [qualify as] 'objectively, sufficiently serious'" under the Eighth Amendment).  Moreover, Plaintiff alleges that he was refused access to the "Inspector General" to report sexual harassment complaints, but he fails to allege any facts about the specifics of the alleged sexual harassment.  Without such allegations, the Court cannot determine whether Plaintiff's medical need was "objectively, sufficiently serious."  Additionally, Plaintiff never alleges that any particular Defendant was deliberately indifferent to sexual assaults or harassment perpetrated against him.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1310-1312 (10th Cir. 1998) (holding that the plaintiffs failed to allege that the defendants acted with deliberate indifference because the plaintiffs failed to allege facts supporting the conclusion that the defendants disregarded a substantial risk).

To the extent that Plaintiff is attempting to state a Fourteenth Amendment equal protection claim, the allegations are insufficient because Plaintiff fails to allege that he was treated differently from others "who are in all relevant respects" like him, and because he has failed to plead facts sufficient to show that his alleged treatment lacked a rational basis or reasonable relationship to a legitimate penological interest.  *Taylor v. Roswell Ind. Sch. Dist.,* 713 F.3d 25, 53-54 (10th Cir. 2013); *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011).  Accordingly, the Court finds that the proposed amendments would be futile. *See Meadows at Buena Vista, Inc. v. Arkansas Valley Pub. Co.*, No. 10-cv-02871-MSK-

KMT, 2012 WL 502688,  at *2 (D. Colo. Feb. 15, 2012) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.");  *Jefferson Cnty. Sch. Dist.*, 175 F.2d at 859.

Because Plaintiff's amendment would be futile, the Court respectfully **recommends** that the Motion [#60] be **denied**.  *Myers*, 2013 WL 3381276, at *6 ("[T]he district court may deny leave to amend where amendment would be futile.").

### III. Conclusion

Accordingly,  the  Court  respectfully  **RECOMMENDS**  that  the  Motion  [#60]  be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 21, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge