**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

     Plaintiff,

v.

WARDEN: RAE TIMME, et al., in their individual and official capacities,

     Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#65],[1] filed February 21, 2014; and (2) **Petitioner's Objection to Magistrate's Order on February 21, 2014, and Petition for Reconsideration** [#69], filed March 10, 2014.  I overrule the objection, adopt the recommendation, and deny the apposite motion to amend the complaint.

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92

---

[1] "[#65]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit. The magistrate judge recommends denial of leave to amend the complaint because amendment would be futile insofar as the facts alleged in the complaint are insufficient to state plausible claims for relief. I concur. **See Perkins v. Kansas Department of Corrections**, 165 F.3d 803, 806 (10th Cir. 1999).

Plaintiff well may be, as he suggests, unschooled in the law, but he is no doubt aware of the facts that underlie this lawsuit and the basis for his claims. The court presumes that plaintiff has set forth in his proposed amended complaint all those facts of which he is aware that he believes give rise to a legal cause of action against defendants. That such facts, in fact, are insufficient to make out viable claims is attributable not to plaintiff's lack of legal training, but to the lack of underlying merit of his claims. **See Hall**, 935 F.2d at 1110 (*pro se* plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based").[2]

---

[2] Nor does the fact that no discovery has yet occurred in this matter alter the calculus in this regard. Plaintiff's signature on the proposed amended complaint constitutes a certification, *inter alia*, that his factual contentions have or are likely to have evidentiary support. **See FED. R. CIV. P.** 11(b)(3). It is inappropriate – indeed, sanctionable – to file first and substantiate later, especially in a case implicating the qualified immunity of government officials. **See Mitchell v. Forsyth**, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (qualified immunity not only protects government officials from the liability, but also from "the other burdens of litigation" which include "the burdens of broad reaching discovery") (citation and internal quotation marks omitted).

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#65], filed February 21, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Petitioner's Objection to Magistrate's Order on February 21, 2014, and Petition for Reconsideration** [#69], filed March 10, 2014, are **OVERRULED**; and

3. That plaintiff's **Petition for Leave To File Amended Complaint** [#60], filed December 13, 2103, is **DENIED**.

Dated March 25, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

3