**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

RAE TIMME, Warden et al., in their individual and official capacities,

    Defendants.

## ORDER RE: RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#66],[1] filed February 28, 2014.  No objections having been filed to the recommendation, I review it only for plain error.  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]

---

[1]  "[#66]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.  Plaintiff was given an extension of time to file his objections (**see Minute Order** [#75], filed March 19, 2014), albeit not as much time as he requested.  No objection was filed within the deadline established by the court.

    Moreover, no defendant filed timely objections to the recommendation.  Therefore, and although I am concerned that, contrary to the magistrate judge's conclusion, the allegations against Correctional Officer Marquez in fact are not sufficient to demonstrate his personal participation in the alleged violation of plaintiff's Eighth Amendment rights, **see Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976), I adhere to the waiver rule and refuse to review this issue *de novo*, **see United States v. One Parcel of Real Property**, 73 F.3d 1057, 1060-61 (10th Cir.), **cert. denied**, 117 S.Ct. 271 (1996).

Applying this standard, I approve and adopt the recommendation except insofar as it recommends dismissal of plaintiff's Fourth Amendment claim against defendant Tom Beneze in his individual capacity.

Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Nevertheless, I agree with the magistrate judge that the Second Amended Complaint largely fails to assert plausible claims against the majority of the defendants.  Any festooned reiteration on my part of the magistrate judge's exceptionally thorough examination of the pleadings and cogent application of the law to the allegations of the operative complaint would be prodigal.  Suffice it to say that I find and conclude that the magistrate judge has completely vetted plaintiff's Second Amended Complaint and accurately analyzed the issues raised by and inherent to the motion to dismiss.  In all but one, very minor, respect, I fully concur with her recommendation on the disposition of the claims asserted in this lawsuit.

Nevertheless, I must respectfully reject the magistrate judge's recommendation that plaintiff's Fourth Amendment claim be dismissed.  As the magistrate judge herself acknowledged, defendants offered no argument in their motion regarding this claim.  (**See Recommendation** at 31.)  Plaintiff therefore was not put on notice that this claim was contested and might be in jeopardy of dismissal.  It would be unfair – especially in

light of plaintiff's *pro se* status – to address, much less dismiss, this claim when it was not fairly put at issue in the first instance.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted in all particulars, except to the extent it is recommended that plaintiff's Fourth Amendment claim be dismissed for failure to state a claim.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#66], filed February 28, 2014, is **APPROVED AND ADOPTED IN PART** and respectfully **REJECTED IN PART**, as follows:

    a. That the recommendation respectfully is **REJECTED** insofar as it recommends dismissal of plaintiff's Fourth Amendment claim against Lt. Tom Beneze; and

    b. That in all other respects, the recommendation is **APPROVED AND ADOPTED** as an order of this court;

2. That defendants' **Motion To Dismiss Amended Complaint**[#34], filed June 12, 2013, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. That the motion is **GRANTED** as follows:

        (1) That the following claims are **DISMISSED WITH PREJUDICE**:

            (a) Plaintiff's claim for misprison against defendant Correctional Officer Marquez; and

>>(b)  All claims for declaratory relief as against all defendants in their official and individual capacities; and
>
>(2) That the following claims are **DISMISSED WITHOUT PREJUDICE**:
>
>>(a)  All claims seeking monetary relief against all defendants in their official capacities;
>>
>>(b)  All claims alleging violations of the Eighth Amendment as against defendants, Timme, Morgan, Bernes, McCall, Garcia,[3] and Giganti, in their individual capacities;
>>
>>(c) All claims alleging violations of the First Amendment as against defendants, Beneze, Viola, Miller, and Worthen, in their individual capacities;
>>
>>(d) All claims alleging both violations of both the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment as against defendants, Beneze, Viola, Miller, and Worthen, in their individual capacities; and
>>
>>(e) All claims against defendants, Unknown Graveyard Duty

---

[3]  The magistrate judge noted that defendant Garcia has never been served in this action. (*See* **Recommendation** at 2 n.2.) Although plaintiff attempted to substitute another party for this defendant in his proposed Third Amended Complaint, I denied his motion for leave to file that document. (*See* **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** [#76], filed March 25, 2014.)  The magistrate judge has not yet ruled on plaintiff's response to her **Order To Show Cause** [#43], filed July 22, 2013, which addressed this issue directly.  Nevertheless, given the failure of service and the fact that it appears Ms. Garcia was misnamed in the caption in any event, as well as the fact that she was among the movants who submitted the apposite motion to dismiss, the court believes the better and more direct course is to simply dismiss the claims against her along with those of the other defendants.

       Officer and F.C.F., Unknown F.C.F. Cellhouse 5 Correctional

       Officers, and Unknown F.C.F. Health Services Administrator,

       in their individual capacities; and

  b. That the motion is in all other respects **DENIED**;[4]

3. That at the time judgment enters, judgment **SHALL ENTER** as follows:

  a. That judgment **WITH PREJUDICE** shall enter:

    (1) On behalf of defendant, Correctional Officer Marquez, in his individual capacity, against plaintiff, James Faircloth, as to plaintiff's claim for misprison against him; and

    (2) On behalf of all defendants against plaintiff, James Faircloth, on all claims seeking declaratory relief against them in their official and individual capacities;

  b. That judgment **WITHOUT PREJUDICE** shall enter:

    (1) On behalf of all defendants against plaintiff, James Faircloth, on all claims seeking money damages against them in their official capacities;

    (2) On behalf of defendants, Rae Timme, Warden; Gary Morgan, Mental Health Clinician/Designee; Bernes, Chief Mental Health Clinician/Designee; Garcia, Mental Health Clinician/Designee;

---

[4] This resolution leaves following claims remaining in this lawsuit:

- A claim for monetary damages against Correctional Officer Marquez in his individual capacity;
- A claim for monetary damages against Lt. Tom Beneze in his individual capacity; and
- A claim for punitive damages against these two remaining defendants.

Jacqueline McCall, Administrative Head/Designee; and Captain Joseph Giganti, all in their individual capacities, against plaintiff, James Faircloth, as to plaintiff's claims arising under the Eighth Amendment;

(3) On behalf of defendants, Lt. Tom Beneze; Sgt. Viola; Correctional Officer Miller; and Lt. Linda Worthen, all in their individual capacities, against plaintiff, James Faircloth, as to plaintiff's claims arising under the First and Fourteenth Amendments; and

(4) On behalf of defendants, Unknown Graveyard Duty Officer and F.C.F., Unknown F.C.F. Cellhouse 5 Correctional Officers, and Unknown F.C.F. Health Services Administrator, in their individual capacities, against plaintiff, James Faircloth, as to all claims against them in their individual capacities; and

4. That defendants, Rae Timme, Warden; Gary Morgan, Mental Health Clinician/Designee; Bernes, Chief Mental Health Clinician/Designee; Garcia, Mental Health Clinician/Designee; Jacqueline McCall, Administrative Head/Designee; Captain Joseph Giganti; Sgt. Viola; Correctional Officer Miller; Lt. Linda Worthen; Unknown Graveyard Duty Officer and F.C.F., Unknown F.C.F. Cellhouse 5 Correctional Officers,

and Unknown F.C.F. Health Services Administrator, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

Dated March 28, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge