**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

MARQUEZ, Correctional Officer, in his individual capacity, and
TOM BENEZE, Lt., in his individual capacity,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is **Petitioner's Response to Magistrat** [*sic*] **Mix's Order – Doc. # 66 and Exhibits Specific to this Response/Exhibits #1 Through #4** [#78],[1] filed March 31, 2014. I construe this document as plaintiff's objection to the **Recommendation of United States Magistrate Judge** [#66], filed February 28, 2014.

I granted plaintiff an extension of time until March 25, 2014, by which to file his objections. (*See* **Minute Order** [#75], filed March 19, 2014.) The court entered its order adopting in part and rejecting in part the apposite recommendation on February 28 [#77]. However, because the certificate of mailing avers that plaintiff's objection was put in the prison mail system on the date set by the court, I conclude, without deciding, that the objection is timely and must be considered.

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Nevertheless, I find nothing in plaintiff's paper that convinces me that my prior order regarding the magistrate judge's recommendation was erroneous in any respect. Thus, I overrule the objections.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  Plaintiff's objections are imponderous and without merit.

Plaintiff devotes a substantial portion of his objection to explaining why he believes he cannot adequately proceed without a lawyer, complaining about the access afforded him to legal materials at the prison, and setting forth facts admittedly not contained in his Amended Complaint which he claims provide context for his claims and establish his putative entitlement to relief.  To the extent plaintiff intends by these arguments to request affirmative relief in the form of legal counsel, an order impelling CDOC to grant him access to legal materials, or leave to amend his complaint, his objection to the magistrate judge's recommendation is not the proper vehicle for presenting such matters to the court for resolution.  **See FED. R. CIV. P.** 7(b)(1) ("A request for a court order must be made by motion."); **D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate document."); **Health Grades, Inc. v. MDX Medical, Inc.**, 2012 WL 4351601 at *1 (D. Colo. Sept. 24, 2012) (in regard to party's request for relief made in objections to recommendation of magistrate judge, "[t]he merits of any such request was [*sic*] not before the Court, as plaintiff had not filed a motion requesting any court

action."). Thus, I do not consider the substantive merit, *vel non*, of these matters.

Plaintiff's sole, cognizable objection is that the magistrate judge erred in finding that his Eighth Amendment claims should be dismissed against all defendants implicated therein, except Officer Marquez. Plaintiff insists that he has pled adequately facts to plausibly aver that all defendants named in this claim were deliberately indifferent. His objection, however, is as conclusory as his Second Amended Complaint. As with the complaint, plaintiff's alleged "facts" are instead bare conclusions based on his own subjective belief about what these defendants knew and how they were involved in the decision to place him the cell.[2] Regardless how adamantly plaintiff himself believes that defendants must have known that he had been placed in a administrative segregation cell and that such placement was inappropriate given his mental condition, he still has not alleged any actual facts showing personal participation on the part of any of the Eighth Amendment defendants other than Mr. Marquez. (**See Recommendation** at 16-17 [#66], filed February 28, 2014.)[3]

---

[2] I also reject plaintiff's suggestion that the statement attributed to Officer Marquez – that plaintiff "was placed in [the cell] to finish the job of killing himself, thus giving them some type of plausable [*sic*] deniability, etc, supposedly" (**Am. Compl.** at 14) – sufficiently alleges that all the Eighth Amendment defendants conspired regarding the placement and thus are all liable. The allegation is far too vague to support such an inference. Similarly, plaintiff's representation in his objection that Ms. Bernes later admitted to him "that it was obvious that [he] should not have been [placed in the cell]" (**Obj.** at 5), not only is not included in the Amended Complaint, but also does not establish her – or any other defendant's – prior or contemporaneous knowledge of the conditions of the cell or the dangers it purportedly posed to plaintiff.

[3] As the magistrate judge explained, to satisfy the subjective component of an Eighth Amendment claim, the complaint must allege facts establishing not only that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also that he actually drew that inference. (**Recommendation** at 13 (quoting ***Farmer v. Brennan***, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).) Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, may not under our cases be condemned as the infliction of punishment." ***Farmer***, 114 S.Ct. at 1970.

**THEREFORE, IT IS ORDERED** that the objections stated in **Petitioner's Response to Magistrat** [*sic*] **Mix's Order – Doc. # 66 and Exhibits Specific to this Response/Exhibits #1 Through #4** [#78], filed March 31, 2014, are **OVERRULED**.

Dated April 2, 2014, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge