IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

MARQUEZ, Correctional Officer, in his individual capacity, and
TOM BENEZE, Lt., in his individual capacity,

    Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Supplement Pleadings to Add Above Parties to Case No. 12cv3317 REB KLM** [#136][1] (the "First Motion"); Plaintiff's **Petition for T.R.O. and Injunction-[R]estoring Petitioner to Status Quo and Immediate Relief to Protect Constitutional Rights** [#137] (the "Second Motion"); Plaintiff's **Supplement Pleadings With New Claims In Relation to Current Case 12cv3317 REB KLM; Includes Pleadings** [#138] (the "Third Motion"); **Petitioner's Motion for Stay, or Extension of Time to Reply to Defendants' Motion for Summary Judgement** [sic] [#139] (the "Fourth Motion"); and Plaintiff's **Motion for Extension of Time for Good Cause** [#140] (the "Fifth Motion").

    As an initial matter, the Court notes that Plaintiff filed a motion requesting a stay of this action on June 15, 2015, which was granted on June 24, 2015. *See Order* [#134] at 5. Plaintiff has not yet received his copy of that Order. However, what is evident is that without waiting for a ruling on his prior motion, Plaintiff filed the five motions addressed herein, including the Fourth Motion, which requests a stay. *Fourth Motion* [#139] at 1. Plaintiff has a habit of filing multiple motions requesting identical relief without waiting for the Court to rule on his initial request for that relief. *See, e.g., Motion for Stay of Proceedings and Request for Status Conference and Injunctive Relief Against CDOC and Employees* [#104]; *Petition for Extension of Time for Discovery and/or Request for Stay of*

---

[1] "[#136]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

*Proceedings to Consult With Attorney* [#132]; *Second Motion* [#137]; *Fourth Motion* [#139]. When a litigant files multiple motions requesting identical relief that the Court and parties must address, the Court's and the parties' resources are wasted.  If a litigant files a motion, it will be dealt with in the regular course of business and that litigant need not continue filing motions requesting identical relief.  Redundant filings will not cause the Court to reach a different decision with regard to any relief requested and may, instead, clog the docket of a particular case resulting in delayed action by the opposing parties and the Court which are forced to wade through the various requests for relief.  **As a result, the Court warns Plaintiff that if he files a motion requesting relief after the stay is lifted, he shall not file subsequent motions requesting the same relief. Instead, like all other litigants[2], he must wait for a decision from the Court with regard to his motion.**

Because this case is stayed through August 30, 2015, *see Order* [#134] at 5,

IT IS HEREBY **ORDERED** that the First Motion [#136]; Second Motion [#137]; Third Motion [#138]; and Fifth Motion [#140] are **DENIED without prejudice** with leave to re-file after the stay is lifted.

IT IS FURTHER **ORDERED** that the Fourth Motion [#139] is **DENIED as moot**.

Dated:  June 25, 2015

---

[2] Plaintiff is reminded that pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).