**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-3317-REB-KLM

JAMES FAIRCLOTH,

      Plaintiff,

v.

TOM BENEZE,
MARQUEZ,

      Defendants.

---

**AMENDED ORDER LIFTING STAY**
**AND DIRECTING SUBMISSION OF DISPOSITIVE MOTIONS**

---

**Blackburn, J.**

      This matter is before the court *sua sponte*.[1]  On September 3, 2015, the

magistrate judge entered an order continuing the stay of proceedings in this case

through November 27, 2015, or until such time as plaintiff's counsel updated the court

on the status of her efforts to negotiate a settlement of the matter. (***See* Minute Order**

**[#153]**,[2] filed September 3, 2015.)  On November 11, 2015, counsel for plaintiff filed a

motion to order the parties to court-mediated alternative dispute resolution.  (***See***

**Motion for Order Referring Case to Alternative Dispute Resolution Pursuant to**

**D.C.COLO.LCivR 16.6 and for Stay** [#157], filed November 16, 2015.)  The court

---

      [1] I enter this amended order to correct a clerical error in my prior **Order Lifting Stay and Directing Submission of Dispositive Motions** [#159], filed November 18, 2015.  No substantive change is effected or intended

      [2] "[#153]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

granted that request.  (*See* **Order Re: Motion for Order Referring Case to Alternative Dispute Resolution** [#158, filed November 18, 2015.)

At the same time, the court denied counsel's concomitant request to continue the stay of this matter pending the outcome of ADR proceedings.  While counsel for plaintiff pursues her limited role in attempting to negotiate a settlement, plaintiff himself still must prepare for trial, which is currently set on the court's docket for February 22, 2016.  If a negotiated settlement is not sooner reached, this court fully intends that resolution of plaintiff's claims in this matter proceed expeditiously.  This case cannot be permitted to grow ever staler while counsel's laudable efforts at settlement are ongoing.  To that end, I lift the stay of these proceedings.

With the stay lifted, it is now appropriate to re-establish deadlines for the marshaling of dispositive motions in this case.[3]  Given the truncated timetable now remaining prior to trial, I will order an expedited briefing schedule as well, to allow the court adequate time to resolve any such motions prior to the date now set for trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the stay in this matter is lifted;

2.  That any dispositive motion shall be filed on or before **November 25, 2015**;

3.  That responses to any such dispositive motion shall be filed on or before **December 10, 2015**; and

---

[3]  Prior to the initial entry of the stay (*see* **Order** [#134], filed June 24, 2015), defendants filed a **Motion for Summary Judgment** [#130], filed June 12, 2015, which subsequently was denied without prejudice in light of the stay (*see* **Order Adopting Recommendation of the United States Magistrate Judge** [#143], filed July 30, 2015).

4.  That any reply to a response to a dispositive motion shall be due on or before

**December 17, 2015**.

Dated November 19, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge