**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-3317-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONAL OFFICER MARQUEZ, in his individual capacity, and
LT. TOM BENEZE, in his individual capacity,

    Defendants.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before is defendants' **Motion for Summary Judgment** [#164],[1] filed November 25, 2015. I grant the motion.

**I. JURISDICTION**

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

**II. STANDARD OF REVIEW**

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party.

---

[1] "[#164]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

      A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Id.*** at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

      The two remaining defendants in this lawsuit, Officer John Marquez and Lieutenant Tom Beneze, seek summary judgment as to the sole remaining claims: an Eighth Amendment claim of deliberate indifference against Officer Marquez in his individual capacity, and a Fourth Amendment claim for unreasonable seizure against

2

Lieutenant Beneze in his individual capacity.[2] Defendants now seek summary judgment, claiming qualified immunity. Plaintiff has not submitted a response to the motion. (*See* **Amended Order Lifting Stay and Directing Submission of Dispositive Motions** [#160], filed November 19, 2015.) Although such failure does not entitle defendants to a "default" summary judgment *ipso facto*, **see Murray v. City of Tahlequah, Oklahoma**, 312 F.3d 1196, 1200 (10th Cir. 2002), the uncontroverted facts established by the evidence submitted with their motion entitle them to judgment in their favor.

A state official is immune from civil liability unless his actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001). To overcome this immunity, plaintiff must establish both that defendant violated his rights under federal law and that such rights were clearly established at the time of the violation. **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999). A reviewing court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." **Pearson v. Callahan**, 555 U.S. 223, 236, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). **See also Herrera v. City of Albuquerque**, 589 F.3d 1064, 1070 (10th Cir. 2009). As plaintiff has failed to establish

---

[2] The majority of the claims and defendants originally implicated in this lawsuit – including plaintiff's official capacity claims against Officer Marquez and Lieutenant Beneze – were dismissed at an earlier stage of the litigation. (*See* **Order Re: Recommendation of the United States Magistrate Judge** [#77], filed March 28, 2014.)

the existence of cognizable constitutional violations as to either of his claims, both fail on the first prong of the analysis.

Plaintiff alleges that Officer Marquez was deliberately indifferent to a serious risk of harm to plaintiff when, knowing plaintiff had been placed on a mental health watch, he placed plaintiff in a cell at the Fremont Correctional Facility in which a television cable was hanging from the wall, with which plaintiff attempted to hang himself. This claim appears to hinge entirely on plaintiff's (unsubstantiated) allegation that, more than a year after the incident, another inmate related that Officer Marquez had stated (after the incident) that plaintiff had been placed in the cell "to finish the job of killing himself." (**Second Am. Compl.** at 14 [#20], filed March 7, 2013.)

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." **U.S. CONST**. amend. VIII. As applied to prisoners, it guarantees "humane conditions of confinement guided by 'contemporary standards of decency.'" **Penrod v. Zavaras**, 94 F .3d 1399, 1405 (10th Cir. 1996) (quoting **Estelle v. Gamble**, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)). It thus "prohibits punishments which . . . involve the unnecessary and wanton infliction of pain," are "grossly disproportionate to the severity of the crime," or result in an "unquestioned and serious deprivation of basic human needs." **Rhodes v. Chapman**, 452 U.S. 337, 346-47, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (citations omitted). To safeguard the rights guaranteed by the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." **Farmer v. Brennan**, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (citation and internal quotation marks omitted).

To recover on this claim, plaintiff must make two showings, one objective, the other subjective. With respect to the first prong of the test, plaintiff must prove that the conditions of his confinement objectively posed a "substantial risk of serious harm." *Id.*, 114 S.Ct. at 1977; *see also Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). That is, "the deprivation alleged must be, objectively, sufficiently serious" so as to result "in the denial of the minimal civilized measure of life's necessities." *Farmer*, 114 S.Ct. at 1977 (citations and internal quotation marks omitted).

The second component of a viable Eighth Amendment claim requires proof that prison officials were deliberately indifferent to the inmate's safety. This subjective inquiry implicates the officials' state of mind and is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 Fed. Appx. 773, 776 (10th Cir. 2007) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)). Mere negligence, even gross negligence, or recklessness are insufficient to make out a claim under this standard. *See Estelle*, 97 S.Ct. at 292; *see also Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008); *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). Instead "the official must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Riddle*, 83 F.3d at 1204 (quoting *Farmer*, 114 S.Ct. at 1977.)

Aside from the fact that Officer Marquez avers, without contradiction, that he never made any comment suggesting that plaintiff had been placed in the cell so that he could "finish the job of killing himself," his uncontroverted evidence further establishes

that he was not responsible for plaintiff's cell assignment and, indeed, had no knowledge that plaintiff had been placed in that particular cell. It should go without saying that a prison official cannot be deliberately indifferent where he has no knowledge of, let alone control over, the prisoner's placement in allegedly threatening conditions. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001) (official must personally participate in the constitutional violation to be held liable). In the absence of any evidence that Officer Marquez was involved personally in this incident, he is entitled to qualified immunity.

Plaintiff's Fourth Amendment claim against Lieutenant Beneze fares no better. This claim is premised on the alleged seizure of a document entitled "Trust Document #2010-155-1173-8" which Lieutenant Benzene ordered seized as contraband. The document purported to be a "UCC Financing Statement" (**Def. Motion App.**, Exh. G), which Lieutenant Benzene recognized, based on his experience and training, as being related to the "Sovereign Citizens" group. Plaintiff has been identified as a member of the Sovereign Citizens, which is designated as a Security Threat Group ("STG") by the Colorado Department of Corrections.

Generally, proof of an unconstitutional seizure under the Fourth Amendment requires proof of a reasonable expectation of privacy in the matters allegedly invaded. *See United States v. Gordon*, 168 F.3d 1222, 1225 (10th Cir.), *cert. denied*, 119 S.Ct. 2384 (1999). However, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28, 104 S.Ct. 3194, 3201 82 L.Ed.2d 393 (1984). *See also*

***Bell v. Wolfish***, 441 U.S. 520, 537, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement.").

More particularly, "[i]n the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is essentially an administrative matter in which the courts will not intervene." ***Gordon***, 168 F.3d at 1228 (citation and internal quotation marks omitted). Plaintiff has not even alleged, much less attempted to demonstrate, that the document seized was privileged mail. *See **Vreeland v. Raemisch***, 2013 WL 5462299 at *6 (D. Colo. Sept. 30, 2013) (noting "narrow exception" for legal correspondence). Nor has he offered either argument or evidence suggesting that this document was seized other than pursuant to normal prison policies regarding the interception, examination, and confiscation of incoming and outgoing prison mail. *See **Thornburgh v. Abbott***, 490 U.S. 401, 413, 109 S.Ct. 1874, 1881, 104 L.Ed.2d 459 (1989) (restrictions on inmate mail justified if reasonably related to an important government interest).

Accordingly, I find and conclude that plaintiff has failed to establish a Fourth Amendment violation, and Lieutenant Beneze also is entitled to qualified immunity.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Motion for Summary Judgment** [#164], filed November 25, 2015, is granted:

2. That the remaining claims in this lawsuit are dismissed with prejudice;

3. That judgment with prejudice shall enter as follows:

    a. On behalf of defendant, John Marquez (identified in the caption as

7

"Correctional Officer Marquez"), in his individual capacity, and against plaintiff, James Faircloth, as to plaintiff's Eighth Amendment claim against defendant Marquez;

b. On behalf of defendant Tom Beneze (identified in the caption as "Lt. Tom Beneze"), in his individual capacity, and against plaintiff, James Faircloth, as to plaintiff's Fourth Amendment claim against defendant Beneze;

4. That judgment further shall enter in accordance with the orders contained in my prior **Order Re: Recommendation of the United States Magistrate Judge** ¶ 3 at 5-6 [#77], filed March 28, 2014;

5. That the combined Final Pretrial Conference/Trial Preparation Conference set **February 5, 2016**, at **10:00 a.m.**, and the trial set to commence on **February 22, 2016**, are vacated; and

6. That all defendants, including those previously dropped as named parties to this action (*see* **Order Re: Recommendation of the United States Magistrate Judge** ¶ 4 at 6-7 [#77], filed March 28, 2014 are awarded their costs, to be taxed by the clerk of the court in the time and manner specified in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated January 26, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge