**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-3317-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONAL OFFICER MARQUEZ, in his individual capacity, and
LT. TOM BENEZE, in his individual capacity,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER, AMEND
& VACATE JUDGMENT PURSUANT TO FRCP 59(e)**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Alter, Amend & Vacate Judgment Pursuant to FRCP 59(e)** [#172],[1] filed February 24, 2016. Exercising my prerogative under D.C.COLO.LCivR 7(d), I rule on the motion without awaiting the benefit of a response. I deny the motion.

Procedurally, plaintiff's invocation of Rule 59 is improper. A motion to alter or amend the judgment under Rule 59(e) must be filed within 28 days of the entry of the apposite judgment. **FED. R. CIV. P.** 59(e). Judgment in this case was entered January 26, 2016 [#169]. Twenty-eight days from that date was February 23, 2016. Plaintiff's motion, filed February 24, 2016, therefore is untimely. The court has no power to extend this deadline. **See FED. R. CIV. P.** 6(b)(2). ***See also Weitz v. Lovelace Health***

---

[1] "[#172]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***System, Inc.***, 214 F.3d 1175, 1179 (10th Cir. 2000); ***Collard v. United States***, 10 F.3d 718, 719 (10th Cir. 1993). Nor does the three-day extension contemplated by Rule 6(d) apply in this instance. *See **Parker v. Board of Public Utilities of Kansas City, Kansas***, 77 F.3d 1289, 1290 (10th Cir. 1996) (because mailbox rule extends deadline as to any act that must be done "within a specified time after service," rule is inapplicable to deadline for filing timely motion under Rule 59(e), which is keyed to entry of date of judgment, not service).

Yet even were I to consider plaintiff's untimely motion, nothing therein warrants relief from judgment under either Rule 59 or Rule 60(b).[2] Plaintiff argues that I should vacate the judgment in this case because he has received no notice of defendants' renewed summary judgment motion or the court's order granting same. This circumstance is not at all surprising, however, given that plaintiff was (and still is) represented by counsel.

At the time the court issued its **Amended Order Lifting Stay and Directing Submission of Dispositive Motions** [#160], filed November 19, 2015, plaintiff was represented by Ms. Elisabeth L. Owen. (*See* **Minute Order** [#153], filed September 3,

---

[2] Plaintiff fails to even acknowledge, must less cite, the applicable standard for granting relief under Rule 59:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). The standards for granting relief under Rule 60(b) are even more limited.

2015 (granting Ms. Owen's motion for leave to provide limited scope representation to plaintiff in this matter).) Ms. Owen thus became plaintiff's counsel of record at that time.³ Despite the limited nature of Ms. Owen's substantive representation, the CM/ECF system has no mechanism for sending notices of electronic filing ("NEFs") on only some docket entries, but not others. Accordingly, once Ms. Owen entered her appearance on plaintiff's behalf, she became plaintiff's legal representative and was the person to whom the court's CM/ECF system directed NEFs.

The court's docket reflects that Ms. Owen has received NEFs as to all matters docketed in this case since she entered her appearance. The court is entitled to and does presume that Ms. Owen – who has not moved to withdraw her appearance and thus remains counsel of record, *see* D.**C.COLO.LAttyR** 5(b) – has complied with her professional and ethical obligations to keep plaintiff informed of all relevant filings in this case, regardless of the limited nature of her representation. **See ABA Guideline** 10.5(C) (noting "obligation of counsel at every stage of the case to keep the client informed of developments and progress in the case"). **See also Strickland v. Washington** 486 U.S. 668, 688, 104 S.Ct. 62052, 2065, 80 L.Ed.2d 674 (1984) (noting that ABA standards establish "[p]revailing norms of practice"). Any lapse in the communication between attorney and client provides no grounds for vacating the

---

³ The fact that plaintiff was represented by counsel is cause *ipso facto* to strike the motion. When a party is represented by counsel, this court will not be bound to accept *pro se* filings. Such a pro se filing is improper. **See United States v. Nichols**, 374 F.3d 959, 964 n.2 (10th Cir. 2004) (citing **United States v. Guadalupe**, 979 F.2d 790, 795 (10th Cir. 1992)), *reviewed on other grounds*, 125 S.Ct 1082 (2005). All pleadings and papers must be filed by counsel of record.

judgment in this case.[4]

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion To Alter, Amend & Vacate Judgment Pursuant to FRCP 59(e)** [#172], filed February 24, 2016, is denied.

Dated March 17, 2016, at Denver, Colorado.

BY THE COURT:

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[4] I note in addition that plaintiff fails to articulate any colorable argument to demonstrate summary judgment was improvidently granted. Instead, he insists that he requires more discovery. Plaintiff offers absolutely no indication as to how discovery has been inadequate or what evidence is still needed, however. Coupled with the fact that this case had been pending more than three years at the time judgment was entered, the court would not grant him leave to proceed on such a fishing expedition in any event.