**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03317-REB-KLM

JAMES FAIRCLOTH,

    Mr. Faircloth,

v.

LT. TOM BENEZE, in his official and individual capacity, and
CORRECTIONAL OFFICER MARQUEZ, in his official and individual capacity,

    Defendants.

**ORDER ADDRESSING TENTH CIRCUIT'S LIMITED REMAND
AND GRANTING MOTION TO REOPEN TIME TO APPEAL**

**Blackburn, J.**

This matter is before the court on the Tenth Circuit's **Order** [#194],[1] filed June 21, 2016, remanding this case for the limited purpose of determining whether any of plaintiff James Faircloth's post-judgment pleadings might be construed as requesting leave to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6) and, if so, whether that request should be granted. I find and conclude that Mr. Faircloth both requested such relief and is entitled to it.

A recitation of the relevant facts, albeit lengthy, is necessary for context. On September 3, 2015, the magistrate judge granted attorney Elizabeth Owen's **Motion for Leave to Provide Limited Scope Representation Pursuant to D.COLO.LAttyR 2(a)** [#150], filed August 31, 2015, and permitted Ms. Owen to appear for the limited purpose

---

[1] "[#194]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

of attempting to negotiate a settlement of this and several other lawsuits filed by Mr. Faircloth in state and federal court against these same (or related) defendants. (*See* **Minute Order** [#153], filed September 3, 2016.) The court also extended the then-existing stay until November 27, 2015, and ordered that "[i]f a Notice of Settlement or dismissal papers have not been filed by that date, Mr. Faircloth shall file a Status Report on or before November 27, 2015 informing the Court of the status of this case." (*Id.*)

On November 16, 2015, Ms. Owen filed a motion seeking court-mediated alternative dispute resolution. (**Motion for Order Referring Case to Alternative Dispute Resolution Pursuant to D.C.COLO.LCivR 16.6 and for Stay** [#157], filed November 16, 2015.) The court granted that request, but denied the concomitant request to continue the stay, noting the age of this case and the imminent trial date. (**Order Re: Motion for Order Referring Case to Alternative Dispute Resolution** [#158], filed November 18, 2015.) Accordingly, the court lifted the stay and established deadlines for the submission of motions for summary judgment. (**Amended Order Lifting Stay and Directing Submission of Dispositive Motions** [#160], filed November 19, 2015.)

In accordance with that order, defendants' filed their summary judgment motion ([#164], filed November 25, 2015). Mr. Faircloth failed to file a response in the time established by the court's order. Meanwhile, the magistrate judge conducted a settlement conference on January 7, 2016. (*See* **Minute Order** [#165], filed November 27, 2015.) Although neither of the parties in this case apprised the court of the outcome of those discussions, defense counsel in one of the related cases also assigned to this

court, *Faircloth v. Schwartz*, Civil Action No. 12-cv-02764-REB-KLM, in seeking an extension of the deadline to file summary judgment motions in that case, illuminated the issue:

> On January 7, 2016, undersigned counsel participated in a court-ordered settlement conference that was held in this case, as well as Faircloth's two other federal suits: ***Faircloth v. Marquez, et al.***, No. 12-cv-03317, and ***Faircloth v. Colo. Corp. of Am.***, No. 14-cv-00464. At the conference's conclusion, all parties in the three lawsuits reached a preliminary agreement on settlement terms.
>
> Though the substance of the agreement is confidential, the parties have agreed to execute fully the draft preliminary settlement agreement by 5 p.m. M.S.T. on January 14, 2016.

(**Defendant's Motion for an Extension of Time To File Summary Judgment Motion To Allow for Settlement** at 2 [#194], filed January 13, 2016, in Civil Action No. 12-cv-02764-REB-KLM.)  Despite the hopeful tone of this advisement, the January 14 deadline passed without any further notice, in any of the cases before this court, as to the status of the settlement.

Thus concluding that settlement negotiations ultimately had failed, the court proceeded to consider the pending motion for summary judgment.  It found both remaining defendants entitled to qualified immunity and directed entry of judgment against Mr. Faircloth as to all claims in the case.  (**Order Granting Motion for Summary Judgment** [#168], filed January 26, 2016.)  Judgment was entered that same day ([#169], filed January 26, 2016).

It is not disputed that from the time Ms. Owen was granted leave to appear in this

case in early September 2015 until she properly withdrew on April 22, 2016, and despite the limited nature of her representation, the court did not serve notice of any filings docketed in this case, including particularly defendants' motion for summary judgment, the order granting that motion, or the judgment, on Mr. Faircloth personally. Instead, all such documents were served electronically on Ms. Owen as Mr. Faircloth's attorney of record.

The Tenth Circuit concluded that Mr. Faircloth was not properly served with the court's order granting summary judgment or the judgment. (*See* **Order** at 1 [#194], filed June 21, 2016). Because Mr. Faircloth filed his notice of appeal more than 30 days after the court denied his first Rule 59 motion on March 17, 2016 ([#176])[2] ***see* FED. R. APP. P**. 4(a)(1)(a),[3] the Tenth Circuit is concerned that it might lack jurisdiction over Mr. Faircloth's appeal. It therefore has remanded to this court to determine whether Mr. Faircloth requested leave to reopen the time to appeal and, if so, whether that request should be granted.

The court first is asked to consider whether any of Mr. Faircloth's post-judgment filings adequately raised a request to reopen the time to appeal as contemplated by Fed. R. App. P. 4(a)(6). On April 11, 2016, Mr. Faircloth filed a **Motion for Court Docket To Be Sent to Mr. Faircloth By Clerk** [#180], requesting information regarding

---

[2] As the court explained in its order, Mr. Faircloth's motion was untimely under Rule 59(e). Nevertheless, the court considered the motion substantively under Rule 60(b).

[3] Mr. Faircloth later filed a a second Rule 60 motion on May 11, 2016 ([#185]), concurrently with the filing of his notice of appeal ([#186]). That motion was filed more than 30 days after the court denied the first such motion, but before the expiration of the additional 30-day period contemplated by Fed. R. App. P. 4(a)(5)(A). Because the Tenth Circuit has limited the issues to be considered on remand, however, the court does not address whether Mr. Faircloth's successive Rule 60 motion might be considered a request to extend the time to appeal under Rule 4(a)(5)(A).

4

the status of his case.[4] Therein, Mr. Faircloth stated, "I'd hate to file an appeal to a mere ghost or speculative determination of something has been dismissed." (*Id.* at 3-4.) Giving this statement the most lenient, liberal construction, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court finds it can be construed reasonably as a request to reopen the time for appeal.[5]

This determination brings the court to consider whether the request to reopen should be granted. Under Fed. R. App. P. 4(a)(6), the court may reopen the time to file an appeal "but only if all the following conditions are satisfied:"

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). *See also Shepard v. Rangel*, – Fed. Appx. –, 2016 WL 4069945 at *1 (10th Cir. July 29, 2016).

The first question is whether Mr. Faircloth failed to receive notice under Fed. R. Civ. P. 77(d) within 21 days after entry of the judgment. FED. R. APP. P. 4(a)(6)(A).

---

[4] The court struck that motion, which Mr. Faircloth filed *pro se*, on the basis that he still was represented by counsel at that time. (*See* Order [#182], filed April 13, 2016.)

[5] None of the three other post-judgment motions Mr. Faircloth filed contains any language which, even liberally construed, can be read to constitute a request for such relief. (*See* **Motion for Declaration of Status of Case** [#181], filed April 11, 2016; **Plaintiff's Motion To Alter, Amend & Vacate Judgment Pursuant to FRCP 59(e)** [#172], filed February 24, 2016; **Plaintiff's Motion To Vacate February 22, 2016 Jury Trial and Related Deadlines** [#170], filed February 22, 2016.)

Rule 77(d) provides that the clerk of the court, "[i]mmediately after entering an order or judgment," must serve notice of the entry as provided by Fed. R. Civ. P. 5(b) on all parties who are not in default for failing to appear. **FED. R. CIV. P.** 77(d)(1).[6] Under Rule 5(b) "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." **FED. R. CIV. P.** 5(b)(1).

It is undisputed, and the docket plainly reflects, that the clerk of the court electronically served notice on Ms. Owen, as Mr. Faircloth's attorney of record, of the order granting summary judgment and the entry of judgment on the day they were docketed, January 26, 2016. Nevertheless, the Tenth Circuit's remand order includes an affirmative finding that Mr. Faircloth in fact was not properly served with the order and judgment.[7] (*See* **Order** at 1 [#194], filed June 21, 2016.) The court thus must conclude that Mr. Faircloth did not receive notice of the entry of judgment as contemplated by Rule 4(a)(6)(A).

---

[6] In addition, "[a] party may also serve notice of the entry as provided by Rule 5(b)." **FED. R. CIV. P.** 77(d)(1). There is no suggestion on this record that defendants took it upon themselves to send notice to Mr. Faircloth of the entry of judgment as contemplated by this rule..

[7] Defendants point out, and Mr. Faircloth acknowledges, that he learned of the entry of judgment against him after speaking to Ms. Owen on February 19, 2016. (*See* **Motion for Court Docket To Be Sent to Mr. Faircloth by Clerk** ¶ 3 at 1-2 [#180], filed April 11, 2016 ("When I spoke to Lisi Owens [sic] on February 19, 2016, she explained to me that Case No. 12cv3317 REB KLM was dismissed due to Summary Judgment."); **Mr. Faircloth's Motion To Alter, Amend & Vacate Judgment Pursuant to FRCP 59(e)** ¶1 at 1 [#172], filed February 24, 2016 ("On or about February 19th 2016, I spoke with Lisi Owens [sic] . . . and she explained to me on the telephone that a summary judgment was entered against me in this case[.]").) Although the Tenth Circuit appears not to have addressed the issue, most federal court's hold that formal written notice is required; oral notice is ineffectual under Rules 77(d) and 5(b). *See Nguyen v. Southwest Leasing and Rental, Inc.*, 282 F.3d 1061, 1065 (9th Cir. 2002) (citing cases). *But see Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000) ("actual notice" sufficient to trigger Rule 4(a)(6)(A)).

6

As to whether Mr. Faircloth filed his motion for appeal within 180 days after the judgment was entered or within 14 days after he received notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment, **FED. R. APP. P.** 4(a)(6)(B), defendants insist this condition is not met because Mr. Faircloth did not file a notice of appeal within fourteen days of April 11, 2016, the date on which he acknowledged in his **Notice of Appeal** ([#186], filed May 11, 2016) that he was "officially notified" of the judgment.[8] The court cannot agree. Under the appellate rule, effective notice is that which complies with Fed. R. Civ. P. 77(d) and 5(b), which requirement is satisfied only by written notice served by the clerk of the court or another party. *See Nguyen v. Southwest Leasing and Rental, Inc.*, 282 F.3d 1061, 1065 (9th Cir. 2002). (*See also supra* n. 7.) So far as the docket and record reflect, Mr. Faircloth has never received such formal written notice of the summary judgment order and judgment. This condition therefore is satisfied as well.[9]

Finally, the court must consider whether any party would be prejudiced if the motion to reopen is granted. **FED. R. APP. P.** 4(a)(6)(C). Prejudice in this context

> means more than simply having to oppose the appeal and risk reversal, as these are consequences that are present in every appeal. In this context, prejudice requires more. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.

---

[8] In connection with that statement, Mr. Faircloth referenced Exhibit 2 to his contemporaneously filed **Motion for Relief from Judgement** [sic] **– FRCP 60** ([#185], filed May 11, 2016), which consists of this court's **Order** ([#179], filed April11, 2016) striking Ms. Owen's **Notice of Completion of Limited Appearance** ([#177], filed March 22, 2016) as insufficient to effectuate Ms. Owen's withdrawal of her limited appearance as contemplated by D.C.COLO.LAttyR 5(b).

[9] Mr. Faircloth's notice of appeal was filed well within the alternative 180-day limitation of Fed. R. App. P. 4(a)(6), under which the deadline to appeal was July 25, 2016.

7

*Shepard* , 2016 WL 4069945 at *1 (citing *TBG, Inc. v. Bendis*, 36 F.3d 916, 921-22 (10th Cir. 1994), in which a "party who settled claim because the time to appeal a settlement had expired would be prejudiced by extending time to appeal") (other internal citations and quotation marks omitted). Because the burden of proof on this element rests with the putative appellee, *see id.*, 2016 WL 4069945 at *2, I directed the parties to brief the issue (*see* **Order for Briefing** [#198], filed August 29, 2016).

In response, defendants claim they will be prejudiced by further prolonging this already protracted lawsuit and by allowing Mr. Faircloth "to resurrect prior claims." (**Defendants' Brief Regarding Mr. Faircloth's Untimely Appeal** at 8 [#199], filed September 23, 2016.) The first of these putative reasons does not distinguish this case from the majority of *pro se* prisoner lawsuits filed in this district. What plaintiffs such as Mr. Faircloth sometimes lack in legal experience and resources, they often make up for by an abundance of time and zeal, a combination which tends to extend the normal schedule for conducting civil litigation. As for defendants' second proffered suggestion of prejudice, it is simply another way of saying that any appeal bears some risk of reversing the decision below, making it no reason at all. *See Shepard*, 2016 WL 4069945 at *1.

Although the court retains discretion whether to grant a motion to reopen the time to appeal even when the requirements of Appellate Rule 4(a)(6) are satisfied, *see id.*, 2016 WL 4069945 at *2 (citing *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000)), the court finds no basis for exercising that discretion to deny Mr Faircloth an appeal in this case.

Accordingly, the court finds and concludes that Mr. Faircloth filed a timely request to reopen the time to appeal and that such request should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That Mr. Faircloth's **Motion for Court Docket To Be Sent to Mr. Faircloth By Clerk** [#180], filed April 11, 2016, liberally construed, constitutes a request to reopen the time to file a notice of appeal;

2. That Mr. Faircloth's request to reopen the time to file a notice of appeal is granted; and

3. That subject to a contrary order of the appellate court, the putative **Notice of Appeal** of the plaintiff [#186], is accepted effective May 11, 2016.

Dated November 14, 2016, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge